# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LOUISE THOMAS,

    Plaintiff,

v.                                                                         Case No. 8:20-cv-2647-T-KKM-AAS

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Defendant.

_____/

## **ORDER**

Plaintiff Louise Thomas moves to remand this case back to state court. (Doc. 8). Defendant Prudential Insurance opposes Thomas's motion. (Doc. 16). Since the motion for remand became ripe, Thomas filed, without opposition, an amended complaint. (Doc. 28). Although the amended complaint clarifies that Thomas seeks benefits under Prudential's long-term care policy beginning December 23, 2019, the issue about the amount in controversy remains.

The Court is satisfied that complete diversity between the parties exists. Thomas does not contest that complete diversity exists between her and Prudential. And Prudential sufficiently shows that it is a citizen of New Jersey, while Thomas is a Florida citizen. (*See* Doc. 1).

Instead, the issue is whether Prudential proved by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal. (*See*

Doc. 8). Thomas concedes that her claimed damages is at least $55,000, (*id.* at 2), and the Court agrees with that estimate based on a calculation of the daily benefits owed under the long-term care insurance policy. But Thomas argues that Prudential fails to show that an additional $20,000.01 exists to cross the jurisdictional threshold. (*Id.*).

Thomas's argument fails. In addition to alleged damages resulting from the contractual breach, Thomas alleges that she is entitled to attorney's fees under Sections 627.428 and 627.736, Florida Statutes. (Doc. 28). Those sections provide for attorney's fees to a prevailing plaintiff in an insurance-contract dispute. *See* Fla. Stat. §§ 627.428; 627.736. When a statute provides for attorney's fees to the plaintiff, the amount in controversy includes those attorney's fees for jurisdictional purposes. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). So the amount in controversy here includes Thomas's $55,000 in damages plus her statutory attorney's fees.

To determine the amount in controversy, courts may make reasonable deductions and inferences. *Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010). What is more, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* at 1062.

In cases like these dealing with breach of insurance contracts, attorney's fees regularly equal more than $20,000. *See Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1353 (M.D. Fla. 2008) (Moody, J.) (finding that attorney's fees would reach at least $28,000 in a breach-of-insurance-contract case); *Harvest Moon Distrib., LLC v. Southern-Owners Ins.*

2

*Co.*, 6:20-CV-1026-Orl-40DCI, 2020 WL 6382625, at *2–3 (M.D. Fla. Aug. 12, 2020) (Byron, J.) (finding that attorney's fees would reach at least $30,000 in a breach-of-insurance-contract case). Therefore, using judicial experience and common sense, the Court finds that the attorney's fees in this case would likely reach at least $20,000.01. As a result, the amount in controversy in this case is met. Thomas's motion for remand (Doc. 8) is **DENIED**.

**ORDERED** in Tampa, Florida, on April 7, 2021.

_____
Kathryn Kimball Mizelle
United States District Judge